# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-454V
Filed: July 30, 2015
Not for Publication

*************************************

BARBARA WRIGHT,      *

    *

      Petitioner,     *

    *    Damages decision based on proffer;

v.     *    influenza (flu) vaccine; shoulder

    *    injury related to vaccine

SECRETARY OF HEALTH     *    administration (SIRVA)

AND HUMAN SERVICES,     *

    *

      Respondent.     *

    *

*************************************

Maximillian J. Muller, Philadelphia, PA, for petitioner.
Althea W. Davis, Washington, DC, for respondent.

**MILLMAN, Special Master**


## DECISION AWARDING DAMAGES[1]


On May 27, 2014, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that she suffered a shoulder injury as a result of the influenza ("flu") vaccination she received on October 1, 2013. On July 14, 2014, respondent filed her Rule 4(c) Report, conceding that petitioner suffered from a shoulder injury related to vaccine administration ("SIRVA") and recommending compensation.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

1

On July 30, 2015, respondent filed Respondent's Proffer on Award of Compensation. The undersigned finds the terms of the proffer to be reasonable. Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer. Pursuant to the terms stated in the attached proffer, the court awards a lump sum payment of **$120,000.00**, representing all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). The award shall be in the form of a check for **$120,000.00** made payable to petitioner, Barbara Wright.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: July 30, 2015                             /s/ Laura D. Millman
                                                       Laura D. Millman
                                                       Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

BARBARA WRIGHT, )
                     )
                     )
         Petitioner, )      No. 14-454V
                     )      Special Master
    v. )      Laura D. Millman
                     )      ECF
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
                     )
         Respondent. )
                     )

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.      Compensation for Vaccine Injury-Related Items**

Respondent proffers that based on the evidence of record, petitioner should be

awarded $120,000.00. This amount represents all elements of compensation to which

petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner should be

made through a lump sum payment as described below, and request that the special

master's decision and the Court's judgment award the following:[1]

    A. A lump sum payment of $120,000.00 in the form of a check payable to petitioner,
       Barbara Wright. This amount accounts for all elements of compensation under
       42 U.S.C. § 300aa-15(a) to which petitioner would be entitled.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move
the Court for appropriate relief. In particular, respondent would oppose any award for
future medical expenses, future lost earnings, and future pain and suffering.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Senior Trial Attorney
Torts Branch, Civil Division

  s/Althea Walker Davis
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-0515

DATED:  30 July 2015